Patrick M. TAYLOR, Petitioner,

v.

Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.

Civ. A. No. 708–E.

United States District Court
N. D. West Virginia.

Sept. 23, 1966.

No appearance for petitioner.

C. Donald Robertson, Atty. Gen. of W. Va., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Patrick M. Taylor is presently confined in the West Virginia Penitentiary. He advances three contentions in his petition before this Court seeking federal habeas corpus relief.

The first concerns the amount of time Petitioner has served on his sentence. On June 16, 1952, Petitioner, after having entered a plea of guilty, was convicted of embezzlement by the Intermediate Court of Kanawha County, West Virginia, and given a statutory indeterminate sentence of not less than one year nor more than ten years. Subsequently, Petitioner was twice released on parole.[1] Petitioner claims that he is entitled to have the time spent on parole, before violating parole, applied against or deducted from the original indeterminate sentence. Petitioner also raised this ground before the Marshall County Circuit Court and the Supreme Court of Appeals of West Virginia.

This question is controlled by West Virginia Code, Ch. 62, Art. 12, § 19 (Michie 1961), which states that "[i]f * * * it shall appear * * * that the parolee has violated any condition of his release on parole, * * * the board may revoke his parole and may require

---

1. Petitioner states that he was paroled in April, 1954, and, after 14 months in parole status, "absconded." It appears that Petitioner was apprehended in June, 1961, and confined in prison until August, 1962, when he was again placed on parole. Petitioner's parole tolerance seems not to exceed 14 months, since after having a second time been on parole for 14 months, he again "absconded." Petitioner was apprehended in July, 1965, and again confined to prison, where he is now serving the balance of his sentence.

him to serve in prison the remainder or any portion of his maximum sentence for which, at the time of his release, he was subject to imprisonment."

In construing the forerunner statute of present Section 19, supra, of the West Virginia parole law, the Supreme Court of Appeals of West Virginia stated: "parole suspends the sentence; hence, in case the parole is revoked, the time on parole does not count as time served on the prison sentence." Watts v. Skeen, 132 W.Va. 737, 54 S.E.2d 563 (1949).[2]

■ On the facts alleged, and Petitioner's admission that he violated both of his paroles by having "absconded," the Court finds that under West Virginia law Petitioner is not entitled to have the time spent on parole, before violating parole, counted as time served on his state court sentence.

■ Petitioner's second and third issues are: "No Lawyer at time of Arrest and Interrogation." and "No Lawyer at Preliminary Hearing." Petitioner explains his failure to present these issues to the state courts by saying "I did not list the fact that I had no attorney at time of Interrogation or at my preliminary hearing, because I did not believe that such would be recognized as a denial of rights by the Marshall County Circuit Court or by State Supreme Court of Appeals." Petitioner's expectation of an adverse ruling in the state courts does not excuse his failure to exhaust his state court remedies. This failure alone would require the Court to dismiss the petition as to the latter two issues.[3] Notwithstanding this issue and viewed on merit, Petitioner was represented by counsel when he chose to enter a plea of guilty. Counsel was also present at sentencing. The absence of counsel at the time of Petitioner's arrest, interrogation or preliminary hearing does not, on the facts presented in this petition, suggest any constitutional deprivation.

 It may be that Petitioner raised these latter issues in the belief that Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) would afford him relief. It does not. First, *"Miranda* applies only to cases in which the trial began after" June 13, 1966. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Second, *Miranda* only proscribes the use at trial of any statements elicited by the police, when the police have failed to warn the accused person of certain rights. Petitioner's case does not fall within this framework.

An order will be entered in which the petition herein will be denied.

---

**2.** There is no difference between the present statute and that construed by the Supreme Court of Appeals in 1949 which would affect the issue raised in this case.

**3.** See 28 U.S.C.A. § 2254; Miller v. Boles, 248 F.Supp. 49 (N.D.W.Va.1965); and Sokol, A Handbook of Federal Habeas Corpus.